**George LINARDOS, Plaintiff–Appellant,**

v.

**Edmund FORTUNA, Joan Fortuna and Susan Joan Linardos, Defendants–Appellees.**

No. 98–7077.

United States Court of Appeals, Second Circuit.

Argued Sept. 16, 1998.

Decided Oct. 7, 1998.

Rosemarie Paine, New Haven, Connecticut (John R. Williams, New Haven, Connecticut, on the brief), for Plaintiff–Appellant.

Dion W. Moore, Bridgeport, Connecticut (Williams, Cooney & Sheehy, Bridgeport, Connecticut, on the brief), for Defendants–Appellees.

Before: FEINBERG and KEARSE, Circuit Judges, and JOHNSON, District Judge*.

KEARSE, Circuit Judge:

Plaintiff George Linardos appeals from a judgment of the United States District Court for the District of Connecticut, Dominic J. Squatrito, *Judge*, dismissing his complaint for lack of diversity jurisdiction on the ground that there was no evidence that, when the action was commenced, Linardos was not a domiciliary of Connecticut, the State of which the defendants were citizens. On appeal, Linardos contends, *inter alia*, that defendants' motion to dismiss, which presented no evidence as to Linardos's citizenship as of the time the complaint was

filed, was insufficient to raise the question of diversity; and that the district court erred in not accepting at face value the complaint's allegation that Linardos was a citizen of Florida when the complaint was filed and in placing the burden on him to prove his citizenship at that time. Although Linardos's arguments are based on an erroneous view of a plaintiff's burden of proof with respect to subject matter jurisdiction, we vacate and remand for further proceedings to determine such jurisdiction.

## I. BACKGROUND

The present action was commenced by Linardos on July 31, 1997, alleging that he had been assaulted by two of the defendants and that all three defendants proceeded to lodge false charges against him, which were ultimately dismissed. The complaint alleged that Linardos "is a citizen of the State of Florida" and that all of the defendants "are citizens of the State of Connecticut." (Complaint ¶¶ 2, 3.)

Some 2½ months later, defendants moved to dismiss for lack of subject matter jurisdiction, stating as follows:

1. The plaintiff is a citizen of the State of Connecticut.

2. All defendants are citizens of the State of Connecticut.

3. Based on the foregoing, there is no diversity of citizenship between the parties, as required by 28 U.S.C.A. § 1332.

(Defendants' Motion To Dismiss dated October 15, 1997.)

Linardos opposed the motion, arguing that diversity of citizenship is to be determined as of the time of the filing of the complaint, and pointing out that defendants' motion addressed his citizenship only at the time of the motion, not at the time the complaint was filed. Linardos also argued that he had no obligation to present facts showing his citizenship at the time of filing of the complaint, that he was entitled to rely on the jurisdictional allegation made in his complaint, and that the court was required to accept that

---

* Honorable Sterling Johnson, Jr., of the United States District Court for the Eastern District of New York, sitting by designation.

allegation as true unless defendants presented evidence to the contrary. He made no factual presentation in opposition to the motion.

In a Ruling on Motion To Dismiss, dated December 19, 1997 ("Opinion"), the district court accepted Linardos's argument that diversity of citizenship is to be determined as of the time of the filing of the complaint. However, it rejected his other contentions, and because Linardos failed to make any factual presentation, the court proceeded to draw inferences against him. The court assumed that at the time the complaint was filed Linardos was at least a resident of Florida, see, e.g., Opinion at 4 ("the plaintiff moved from Florida ... shortly after the complaint was filed"); but it inferred that he moved to Connecticut not more than 75 days later. Based on that inference and on Linardos's failure to produce any evidence, the court "f[ound] inescapable the inference that at the time the complaint was filed the plaintiff did not have the intent to remain in Florida indefinitely." Id. The court therefore concluded that Linardos was not "domicile[d]" in Florida when the complaint was filed and was instead a citizen of Connecticut. Id.

The district court granted the motion to dismiss. Judgment was entered accordingly, and this appeal followed.

## II. DISCUSSION

■ On appeal, Linardos contends principally that defendants' motion to dismiss, focusing as it did on his citizenship as of the time of the motion rather than as of the time the complaint was filed, was insufficient to place the question of diversity in issue, and that the district court erred in looking beyond the allegations of the complaint, in not accepting those allegations as true, and in not drawing all reasonable inferences in his favor. Although we reject most of Linardos's arguments as to his responsibility to prove his citizenship as of the time the complaint was filed, we have two concerns with the district court's ruling, and we therefore vacate and remand for further proceedings.

■ It is hornbook law that the question of "[w]hether federal diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the action is commenced.... If diversity exists at the time of commencement, federal jurisdiction is not defeated if one party subsequently becomes a citizen of the same state as his opponent." 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3608, at 448–49 (2d ed.1984); see 15 J. Moore, *Moore's Federal Practice* § 102.32, at 102–61–62 (3d ed.1998); see also Freeport–McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991) ("if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events"); *Matimak Trading Co. v. Khalily*, 118 F.3d 76, 79 (2d Cir.1997), cert. denied, —— U.S. ——, 118 S.Ct. 883, 139 L.Ed.2d 871 (1998).

■ It is also hornbook law that the party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction. See 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3522, at 62–65 (2d ed.1984); 15 J. Moore, *Moore's Federal Practice* § 102.14, at 102–24 (3d ed. 1998) ("The burden of proving all jurisdictional facts is on the party asserting jurisdiction."); see also Scelsa v. City University of New York, 76 F.3d 37, 40 (2d Cir.1996). That party must allege a proper basis for jurisdiction in his pleadings and must support those allegations with "competent proof" if a party opposing jurisdiction properly challenges those allegations, see, e.g., McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936), or if the court sua sponte raises the question, see, e.g., Fed.R.Civ.P. 12(h)(3); *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908).

Our first concern with the district court's ruling centers on the procedures leading to it. The court correctly recognized the principle that, as argued by Linardos, the existence of diversity jurisdiction depends on the citizenship of the parties at the time the action is commenced. However, defendants' motion did not focus on that point in time, and the record does not indicate that the court, which did not hold a hearing or entertain oral argument on the motion, alerted

948

Linardos that it intended to focus on the correct point in time despite the incorrect focus of defendants' motion. It was of course proper for the court itself to inquire into the sufficiency of the facts to show jurisdiction at the proper point in time. And prudence might have dictated that Linardos's counsel either make a relevant factual presentation or at least conditionally request an opportunity to do so in the event that the court questioned citizenship with respect to the pertinent time. However, since defendants' motion on its face was premised on assertions as to citizenship at the wrong point in time, the court, before proceeding to draw factual inferences from Linardos's failure to produce evidence focusing on the correct point in time, should have alerted Linardos that the court questioned his citizenship at the time the action was filed and should have given him an opportunity to present evidence with regard to that point in time.

▮ Our second concern centers on the standard by which the district court judged Linardos's citizenship. For purposes of diversity jurisdiction, a party's citizenship depends on his domicile. *See, e.g., Gilbert v. David*, 235 U.S. 561, 569, 35 S.Ct. 164, 59 L.Ed. 360 (1915). Domicile has been described as the place where a person has "his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3612, at 526 (2d ed.1984). One acquires a "domicile of origin" at birth, which continues until a change in domicile occurs. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S.Ct. 1597, 104 L.Ed.2d 29 (1989) (internal quotation marks omitted). It is well established that in order "to effect a change of one's legal domicil, two things are indispensable: First, residence in a new domicil; and, second, the intention to remain there. The change cannot be made, except *facto et animo*. Both are alike necessary. Either without the other is insufficient." *Sun Printing & Publishing Association v. Edwards*, 194 U.S. 377, 383, 24 S.Ct. 696, 48 L.Ed. 1027 (1904).

The district court correctly recognized that a party's citizenship depends on his domicile. However, to the extent that the court concluded simply that Linardos's domicile changed from Florida to Connecticut at the point when Linardos formed the intent to move to Connecticut, that conclusion does not reflect the correct legal standard. Under the above principles, if prior to filing the complaint Linardos not only resided in Florida but was domiciled there, his domicile would not have changed to Connecticut solely upon his formation of an unimplemented intent to move there; it would not have changed until he also was physically present in Connecticut. In their brief on appeal, defendants argue that Linardos had been a Connecticut domiciliary prior to filing the lawsuit and was never domiciled in Florida. There having been no presentation of evidence in the district court, however, the record is unclear as to the place of Linardos's domicile at any point in time.

Accordingly, notwithstanding the several erroneous legal arguments advanced by Linardos's counsel in the district court and on this appeal, we conclude that the matter should be remanded to the district court for a factual exploration of Linardos's citizenship at the time the complaint was filed and for a more appropriate briefing of the legal issues. On remand, if Linardos fails to come forward with sufficient credible evidence to establish by a preponderance that he was domiciled in Florida at the time the complaint was filed, his complaint should again be dismissed.

CONCLUSION

We have considered all of the parties' respective contentions on this appeal and, except to the extent indicated above, have found them to be without merit. The judgment of the district court is vacated, and the matter is remanded for further proceedings not inconsistent with this opinion.

No costs.