UNIVERSAL REINSURANCE COMPA-
NY, LTD.; Hal Forkush and Colin
James, Plaintiffs–Counter–Defen-
dants–Appellants,

v.

ST. PAUL FIRE AND MARINE IN-
SURANCE COMPANY, Defendant–
Counter–Claimant–Appellee.

No. 99–9191.

United States Court of Appeals,
Second Circuit.

Argued: June 5, 2000

Decided: July 20, 2000

Amended: Aug. 8, 2000

Lloyd De Vos, De Vos & Co., PLLC,
New York, New York, for Plaintiffs–Coun-
ter–Defendants–Appellants.

Lawrence R. Samuels, Ross & Hardies,
Chicago, Illinois, for Defendant–Counter–
Claimant–Appellee

Before: WINTER, Chief Judge, SACK,
Circuit Judge, and HODGES, District
Judge.*

### AMENDED OPINION

WINTER, Chief Judge:

This case is the latest in a parade of
appeals involving questions of state law
only that have proceeded to final judgment
on the merits—often after extensive pro-
ceedings—even though the basis for diver-
sity jurisdiction is either lacking or in con-
siderable doubt. *See Franceskin v. Credit
Suisse,* 214 F.3d 253, 257–59 (2d Cir.2000)
(recounting cases, vacating judgment on
claims between aliens, and remanding for
determination of defendant's state of incor-
poration).[1] The instant case has been

---

\* The Honorable William Terrell Hodges, Unit-
ed States District Judge for the Middle Dis-
trict of Florida, sitting by designation.

1. The term "parade" is accurate, although the
word "epidemic" is tempting. The day after

the present matter was heard, we reviewed a
judgment on the merits in *Yun Lin v. AllCity
Insurance,* which also involved a complaint in
which diversity of citizenship was not proper-

pending in the district court for almost five years, during which extensive discovery took place and dispositive motions were made. It proceeded to final judgment when Judge Pauley granted appellee's motion for summary judgment. At no time, however, have appellants made allegations or offered evidence sufficient to support diversity jurisdiction. As a result, we remand to the district court for a determination of whether such jurisdiction exists.

## DISCUSSION

Appellants Universal Reinsurance Company, LTD., Hal Forkush, and Colin James commenced this litigation in October 1995. They asserted state law claims for breach of a preliminary agreement, confidentiality agreement, and an oral contract. They also asserted claims based on promissory estoppel, theft of trade secrets, and economic duress. Appellee St. Paul Fire and Marine Insurance Co. ("St. Paul") answered with a general denial and asserted state law counterclaims for breach of contract and conversion.

Appellants' amended complaint alleged that Universal was a Bermuda corporation with its principal place of business there, Forkush was a citizen of the United States residing in Bermuda, and that James was a citizen of the United Kingdom. It further alleged that defendant St. Paul was a Minnesota corporation with a principal place of business in that state.[2] When the litigation commenced, therefore, it purported to be an action by three plaintiffs— a Bermuda citizen, a United States citizen residing abroad, and a UK citizen—against a Minnesota citizen. *See* 28 U.S.C. § 1332(c)(1) (providing that corporation is deemed a citizen of its state of incorporation and state in which it has principal place of business); *see also FDIC v. Four Star Holding Co.*, 178 F.3d 97, 100 (2d

Cir.1999) (" '[T]he existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed ....' ") (quoting *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 830, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989)).

Because the claims asserted all arose under state law, the district court had subject matter jurisdiction only if the parties matched a category listed in the diversity statute's jurisdictional grants. In pertinent part, that statute provides as follows:

> (a) The district courts shall have original jurisdiction of all civil actions ... between—
>
> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties....

28 U.S.C. § 1332(a).

The obstacles to asserting subject matter jurisdiction are twofold. First, under our caselaw, Universal is not a citizen or subject of a "foreign state." Its inclusion as a plaintiff, therefore, was sufficient to destroy diversity jurisdiction. Second, the allegations as to Forkush are not sufficient to establish that he is a citizen of a "State." His inclusion is thus independently fatal to jurisdiction.

In *Koehler v. Bank of Bermuda (New York) Ltd.*, 209 F.3d 130, 138 (2d Cir.2000), we recently held that an individual citizen of Bermuda and several Bermuda corporations were not "citizens or subjects of a foreign state" for purposes of the diversity statute because the United States does not recognize Bermuda as a foreign state. *See also Matimak Trading Co. v. Khalily*, 118 F.3d 76, 79–82 (2d Cir.1997) (holding that Hong Kong corporation was

---

ly alleged. No. 00–7003, slip op. (2d Cir. June 23, 2000).

**2.** James Hom, as to whom there was no citizenship allegation, was named as a defendant

in the original complaint. However, he was not a named defendant in the currently operative amended complaint. The parties confirmed at oral argument that he is not a party.

not "citizen or subject of a foreign state" for purposes of diversity statute because U.S. does not recognize Hong Kong as a "foreign state"). Under *Koehler*, then, Universal is not a citizen of a "foreign state," and this action—with Universal as a plaintiff—therefore does not match any of the jurisdictional grants of Section 1332(a) because it is neither an action between "citizens of a State and citizens or subjects of a foreign state" nor one between "citizens of different States ... in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(2) & (3). A mandate has not yet issued in *Koehler*. Were Universal's presence in the action the only bar to asserting diversity jurisdiction, we could hardly fault the plaintiffs for having brought the action in federal court in 1995, some two years before we decided *Matimak Trading Co.* and more than four years before *Koehler*. If that were the case, we might simply hold this appeal until the mandate issued in *Koehler*. But, as mentioned, it is not the only bar.

■ The other problem with asserting diversity jurisdiction is that appellants have failed to allege that Forkush is a citizen of a particular state. Rather, they have alleged only that he is a citizen of the United States residing in Bermuda. A person is deemed a citizen of the state wherein he or she is domiciled, *see Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir.1998), and establishing one's domicile in a state generally requires both physical presence there and intent to stay. *See* 15 Martin H. Redish, *Moore's Federal Practice* § 102.34[2], at 102–64 (3d ed. 2000) ("Domicile generally requires two elements: (1) physical presence in a state and (2) the intent to make the state a home."); *see also Linardos*, 157 F.3d at 948. Of course, a person may still be domiciled in a state even if a non-resident, so long as he or she has his home there and intends to return. *See Linardos*, 157 F.3d at 948. However, the allegation as to Forkush's citizenship does not claim that he has his

"true fixed home," *id.*, in any one of the United States. Indeed, from the face of the complaint it appears that Forkush's home is in Bermuda.

The failure to allege Forkush's citizenship in a particular state is fatal to diversity jurisdiction. If Forkush is in fact a domiciliary of Bermuda and not just residing there, we lack jurisdiction over any lawsuit alleging only state law claims to which he is a party. *See Newman–Green*, 490 U.S. at 828, 109 S.Ct. 2218 ("[T]o be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." (emphasis in original)); *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 69 (2d Cir.1990) (holding that, where three partners in defendant-law firm are U.S. citizens domiciled abroad, federal court lacks diversity jurisdiction over entire action); *see also* 28 U.S.C. § 1332 (providing no grant of diversity jurisdiction over action to which U.S. citizen domiciled abroad is a party).

■ Thus, because Universal is not a citizen of a "foreign state" under *Koehler* and *Matimak* and Forkush is not properly alleged to be a "citizen[ ] of a State," the record contains no basis for subject matter jurisdiction over the claims in this case. *See* 28 U.S.C. § 1332(a). In these circumstances, we might order that the judgment be vacated and the case dismissed without prejudice for lack of subject matter jurisdiction. *See, e.g., Fleet Bank, Nat'l Assoc. v. Burke*, 160 F.3d 883, 893 (2d Cir.1998), *cert. denied*, 527 U.S. 1004, 119 S.Ct. 2340, 144 L.Ed.2d 237 (1999). In an abundance of caution, however, we remand the judgment to the district court to first make the following determinations: (i) whether Universal is an indispensable party to this litigation such that it cannot be dropped from the case to salvage jurisdiction; (ii) Forkush's state of domicile at the time this litigation commenced; and (iii) whether, if Forkush was indeed a Bermuda domiciliary, he is a dispensable party. *See Newman–Green*, 490 U.S. at 832, 109 S.Ct.

2218 ("[Fed.R.Civ.P. 21] invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered."). If, after making the above determinations, the district court concludes that it lacks subject matter jurisdiction over the claims in this case, it is further instructed to enter an appropriate order vacating the judgment and dismissing this case without prejudice.

## CONCLUSION

We therefore remand the judgment to the district court to conduct further proceedings in accordance with this opinion. Any appeal from the district court's order on remand shall be assigned to this panel, which will dispose of the appeal on letter briefs without hearing oral argument. The parties will be responsible for alerting the Clerk of this court to the special assignment of any future appeal.

tel Corp.; Saison Holdings; B.V.; Saison Corporation, Defendants–Appellees.