**Jeremy YOUNG, Plaintiff,**

v.

**CENTURY HOUSE HISTORICAL SOCIETY; Iron Mountain Group, Inc.; Iron Mountain Records Management, Inc.; Iron Mountain Security Corporation; Iron Mountain Security Storage Corporation; Schooner Capital Corporation; Criterion Atlantic Property, Inc.; and Dietrich Werner, Defendants.**

**No. 1:98–CV–1920.**

United States District Court, N.D. New York.

Oct. 13, 2000.

Allyn & Hausner, New York City, Glenn B. Allyn, Leslie Hausner Montanile, for Plaintiff.

Edward C. Fassett, Jr., Albany, NY, for Defendant Century House and Werner.

Taylor, Matalavge & Fallon, Albany, NY, Megan M. Brown, of Counsel, for Iron Mountain Defendants and Schooner Capital Corporation.

### MEMORANDUM–DECISION AND ORDER

HURD, District Judge.

## I. INTRODUCTION

Plaintiff, Jeremy Young ("Young" or "plaintiff"), brought this negligence action claiming diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Only defendant Century House Historical Society ("Century") moves to dismiss pursuant to Fed.R.Civ.P.

12(b)(1), for lack of subject matter jurisdiction. Plaintiff opposes. Oral argument was heard on July 28, 2000, in Albany, New York. Decision was reserved.

Subsequent thereto, an order was issued which required the defendants to file affidavits citing the domicile of each defendant. As a result, the domicile of defendants are as follows:

1. Century: New York

2. Dietrich Werner, President of Century ("Werner"): New York [1]

3. Iron Mountain Group, Inc.: Formerly Delaware (Not in existence since 1986)

4. Iron Mountain Records Management, Inc.: Delaware

5. Iron Mountain Security Corporation: Formerly Delaware (Not in existence since 1986)

6. Iron Mountain Security Storage Corporation: Formerly Delaware (Not in existence since 1986)

7. Schooner Capital Corporation: Massachusetts (May 29, 1998 merged into Schooner Capital Corporation LLC— Delaware)

8. Criterion Atlantic Property, Inc.: Delaware (Served January 20, 1999— Has never appeared).

## II. *FACTS*

On August 8, 1998, while leaving a concert held on property owned by Century in the County of Ulster, State of New York, Young sustained injuries when he wandered onto property allegedly owned by the other defendants, and fell into a kiln. Plaintiff argues that the defendants were negligent in, among other allegations, not providing an adequately marked or lit path of ingress and egress from the concert site.

In the present motion, Century asserts that complete diversity is lacking in this case. In the complaint filed on December 14, 1998, plaintiff alleges that he is a resident of New Jersey, that Century is a domiciliary of New York, and that the other defendants are domiciliaries of Massachusetts.[2] Century is domiciled in New York, but claims that plaintiff was also a New York domiciliary at the time the complaint was filed.

On December 14, 1998, when Young filed the complaint in this action, he owned a condominium in Tivoli, New York and rented an apartment in Boonton, New Jersey. He rented the apartment after he found work at a software company in New Jersey. He maintains a phone and receives mail at both residences. In addition, plaintiff attended college in New York, his parents live in New York, and he lived in Pomona, New York prior to moving to the condominium in Tivoli.

Plaintiff's taxes are withheld in both New York and New Jersey, but his federal income tax return for 1998 listed his taxpayer address as Tivoli, New York. However, Young spends the majority of his time at the New Jersey apartment, and his gym membership, tennis club, and video club are all in New Jersey.

Young registered to vote in New York in 1992 and has voted four times since registering, all in New York. In the election immediately prior to the accident, November 4, 1997, plaintiff voted in New York. He did not register to vote in New Jersey. Young also holds a New York State driver's license and his vehicle was registered in New York at the time the complaint was filed.

Immediately after the injury in August of 1998, plaintiff gave his New York address to the hospital where he was treated. About a month and a half later, he visited Morristown Memorial Hospital and again gave his New York address. However, in his affidavit, Young states that all further

---

1. Since Werner is also a domiciliary of New York, he will sua sponte be considered in the same category as Century.

2. As noted above, the actual domiciliaries are now known.

medical care was administered by his doctor and physical therapist in New Jersey.

Plaintiff's complaint alleges negligence and gross negligence against all of the defendants. The defendants have filed cross-claims against one another.[3] Century moved for summary judgment on February 22, 2000. The motion was denied on June 1, 2000. (*See* Docket No. 33.) Century then filed the present motion on June 7, 2000.

## III. *DISCUSSION*

### A. *Subject Matter Jurisdiction*

■ Objections to a court's subject matter jurisdiction cannot be waived and challenges can be made at any time. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107 (2d Cir.1997). Therefore, contrary to plaintiff's insinuation, it is permissible for Century to bring this motion at the close of discovery and after its motion for summary judgment was unsuccessful.

■ "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction requires that 'all of the adverse parties in a suit ... be completely diverse with regard to citizenship.'" *Handelsman v. Bedford Village Assocs. Ltd. Partnership*, 213 F.3d 48, 51 (2d Cir.2000)(quoting *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir.1998)); *see also Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 388, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998)(stating that "diversity ... is complete ... only if there is no plaintiff and no defendant who are citizens of the same State".) It must be proven by a preponderance of the evidence that compete diversity of opposing parties existed at the time the suit was commenced. *See Connolly v.. Spielman*, 999 F.Supp. 270, 273

(N.D.N.Y.1998); *see also Freeport–McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 429, 111 S.Ct. 858, 112 L.Ed.2d 951 (1991).

■ "For purposes of diversity jurisdiction, a party's citizenship depends on his domicile. Domicile has been described as the place where a person has 'his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir.1998) (citation omitted). It is possible to reside at one place and be domiciled at another. *See Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 47, 109 S.Ct. 1597, 104 L.Ed.2d 29 (1989). In addition, "[a] party may have multiple residences, but only one domicile." *Connolly*, 999 F.Supp. at 272; *see also National Artists Management Co. v. Weaving*, 769 F.Supp. 1224, 1227 (S.D.N.Y.1991). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Mississippi Band of Choctaw Indians*, 490 U.S. at 48, 109 S.Ct. 1597.

> Objective indicators of a party's intent regarding domicile include current residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; [and] payment of taxes.

*Connolly*, 999 F.Supp. at 272–73 (citing 13B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3612 (2d ed.1984)). "No single factor is dispositive." *Id.* at 273. Rather, the "totality of the evidence" must

**3.** As noted above, Criterion has not answered the complaint.

be examined. *See National Artists Management Co.,* 769 F.Supp. at 1228.

"[T]he party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction." *Linardos,* 157 F.3d at 947. Mere allegations of residency in a state cannot establish citizenship. *See Canedy v. Liberty Mut. Ins. Co.,* 126 F.3d 100, 103 (2d Cir.1997). The allegations must be supported "with competent proof if a party opposing jurisdiction properly challenges those allegations." *Linardos,* 157 F.3d at 947 (internal quotations omitted). "Where a party has established a domicile ... the burden for demonstrating that a new domicile has been established lies with the person seeking to establish the change." *National Artists Management Co.,* 769 F.Supp. at 1228. A party must not only prove residence in a new domicile, but also "the intention to remain there." *Linardos,* 157 F.3d at 948.

## B. The Plaintiff's Domicile is New York

All of the defendants except Century and Werner are domiciled in Delaware. However, diversity must be complete. Therefore, since Century and Werner have a New York domiciliary, Young cannot also be domiciled in New York. The relevant time for determining domicile is December 14, 1998, when the complaint was filed.

At the time the complaint was filed, Young maintained two residences. Thus at certain times immediately prior to the filing of the complaint, he maintained a physical presence in both New York and New Jersey. As a result, it is necessary to look at the various aforementioned indicators to determine plaintiff's intent.

Prior to April 1998, Young's only residence was in New York, and he did not maintain a physical presence in New Jersey. Additionally, before purchasing the condominium in Tivoli, plaintiff lived in Pomona, New York with his parents and attended college in New York. Therefore, plaintiff must prove by a preponderance of the evidence that he intended to change his domicile from New York to New Jersey between April 1998 and December 14, 1998.

Plaintiff states that he intended to permanently move to New Jersey. However, it is not enough to express an intention to be domiciled in a state. A party must prove this intention by using objective indicators. Young owned his home in New York, and he rented an apartment in New Jersey. While owning vacation homes is quite common in today's society, ownership of real property is still a factor which should be considered in determining domicile. Further, Young was registered to vote in New York and had been an active voter in four elections between 1992 and 1998, including the November 4, 1997 election. In addition, plaintiff held a New York State driver's license and his car was registered in New York. Additionally, not only did plaintiff give his New York address to the hospital in Albany, New York immediately after the accident, he gave the same New York address to a hospital in Morristown, New Jersey a month and a half after the initial injury. Plaintiff even listed the New York state address on his 1998 tax returns when he rented the apartment in New Jersey for the majority of that year.

Plaintiff had taxes withheld in both New York and New Jersey and maintained a phone in both locations. Therefore, neither of these indicators influence the determination of domicile.

■ Plaintiff worked and spent the majority of his time in New Jersey. However, the test for domicile is not where a person spends the majority of his time. Instead, domicile concerns a state of mind to remain or return to a certain place. While plaintiff did spend a majority of his time in New Jersey, this directly correlates with working in New Jersey. Plaintiff spent the work week at his apartment in New Jersey and then returned to his condominium in New York on weekends. Plaintiff's personal property was split between these residences with a majority at his apartment in New Jersey. The location of per-

sonal property is another indicator of intent, however, since plaintiff had personal property at both locations, this only weights lightly in favor of domicile in New Jersey. Plaintiff also states his doctors and physical therapist are located in New Jersey. However, since most doctors and therapists only work on weekdays, it is reasonable to believe that the plaintiff had to seek treatment near his place of work. Thus, this factor also weighs in favor of domicile in New Jersey. Finally, plaintiff claims he currently is a member of a tennis club and video club in New Jersey. However, plaintiff does not provide any evidence that he was a member of these clubs at the time the complaint was filed.

■ Thus, aside from renting the apartment and working in New Jersey, all other major factors point to the conclusion that plaintiff maintained his domicile in New York. While place of work is a strong indicator of domicile, plaintiff did not do any of the things normally associated with setting up a new, permanent residence. Young did not change his vehicle registration or driver's license. He did not register to vote in the area surrounding his apartment. He did not have all of his mail forwarded to New Jersey. He used his New York address on important records. Thus, the objective indicators used to measure intent show Young was domiciled in New York. Since Young has not met his burden of showing an intent to change domiciles from New York to New Jersey, plaintiff is a New York domiciliary, and therefore, diversity jurisdiction is lacking in this action.

### C. *Century and Werner are not Necessary Parties*

■ Plaintiff requests that rather than dismissing this entire action, Century be dismissed from the suit so as to maintain diversity jurisdiction. A district court may dismiss a dispensable nondiverse party from a suit to maintain diversity jurisdiction. *See Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 827, 109 S.Ct.

2218, 104 L.Ed.2d 893 (1989); *see also* Fed.R.Civ.P. 21. However, the dismissed party cannot qualify as indispensable under Fed.R.Civ.P. 19.

As a threshold matter, it must be determined whether "a party is necessary under Rule 19(a), and joinder of the absent party is not feasible for jurisdictional or other reasons." *Viacom Int'l, Inc. v. Kearney,* 212 F.3d 721, 725 (2d Cir.2000). A party is considered "necessary"

> [I]f (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a). It is well settled that joint tort-feasors are not necessary parties. *See Temple v. Synthes Corp.,* 498 U.S. 5, 7, 111 S.Ct. 315, 112 L.Ed.2d 263 (1990)(stating that "it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit.") *see also Mann v. Meachem,* 929 F.Supp. 622, 629 (N.D.N.Y.1996).

If it is determined that a party is necessary to the action, the court must then decide whether that party is indispensable. *See Viacom Int'l, Inc.,* 212 F.3d at 725. "If the court determines that a party is indispensable, then the court must dismiss the action pursuant to Rule 19(b)." *Id.* However, as noted above, since Century and Werner, as potential joint tort-feasors, are not necessary parties and do not meet the threshold requirements of Fed.R.Civ.P. 19(a), an inquiry as to whether they are indispensable parties under Fed.R.Civ.P. 19(b) is not required. *See Temple,* 498 U.S. at 8, 111 S.Ct. 315. Therefore, Century and Werner may be dismissed in order to maintain diversity jurisdiction

over this matter without dismissing the entire action. Further, the complaint against the defendants who have not been in existence since 1986 will be dismissed sua sponte.

## IV. *CONCLUSION*

Accordingly, it is

ORDERED that

1. Defendant Century House Historical Society's motion is GRANTED;

2. The complaint and cross claims against it and defendant Dietrich Werner are DISMISSED without prejudice;

3. The complaint is DISMISSED against defendants Iron Mountain Group, Inc., Iron Mountain Security Corporation, and Iron Mountain Security Storage Corporation; and

4. The action shall proceed against the remaining defendants.

IT IS SO ORDERED.