07-4514-cv (L); 07-4647-cv (XAP)
Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of March, two thousand ten.

PRESENT: DENNIS JACOBS,
                          Chief Judge,
              AMALYA L. KEARSE,
              PETER W. HALL
                          Circuit Judges.

- - - - - - - - - - - - - - - - - - - - -X
DURANT, NICHOLS, HOUSTON, HODGSON &
CORTESE-COSTA, P.C.,
          Plaintiff-Appellee-Cross
          Appellant,

          -v.-                                          07-4514-cv;
                                                        07-4647-cv
RALPH P. DUPONT,
          Defendant-Appellant-Cross
          Appellee.
- - - - - - - - - - - - - - - - - - - - -X

APPEARING FOR APPELLEE:      LORAINE M. CORTESE-COSTA
                             (Michael Bayonne on the brief),
                             Durant, Nichols, Houston,

1

Hodgson, & Cortese-Costa, P.C.,
Bridgeport, CT.

**APPEARING FOR APPELLANT:** WILLIAM H. CLENDENEN, JR. (Nancy
L. Walker on the brief),
Clendenen & Shea, LLC, New
Haven, CT; Ralph P. Dupont, pro
se (Barbara J. Dupont on the
brief), The Dupont Law Firm,
LLP, Stamford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.** We assume the parties' familiarity with the underlying facts and procedural history in this case.

We previously remanded this matter to the United States District Court for the District of Connecticut to supplement "the record with findings as to the citizenship of Dupont, for diversity purposes, at the time this action was commenced." Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 65-66 (2d Cir. 2009). Following our remand, the matter was reassigned from Judge Arterton, who decided the merits, to Judge Droney, who addressed the issue of diversity jurisdiction. For diversity jurisdiction to obtain in this case, a determination is required that plaintiff law firm Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. ("the Firm")

2

was a citizen of Connecticut when the action was commenced, that defendant Ralph Dupont was not, and that the amount in controversy exceeded $75,000. Of those issues, only Dupont's citizenship was in dispute; the Firm contended that he was a citizen of Hawaii when the action was commenced (August 16, 2004), while Dupont countered that he was a citizen of Connecticut on that date. See Linardos v. Fortuna, 157 F.3d 945, 947-48 (2d Cir. 1998).

On remand, the district court found facts--including Dupont's repeated claims of Hawaiian domicile, Hawaiian drivers's license, residence in Hawaii, lack of residence in Connecticut, and Hawaiian tax returns--and concluded that Dupont was a Hawaiian resident on August 16, 2004, that he intended to remain there, and that he, therefore, was domiciled in Hawaii. See Ruling on Motion to Set Aside Default and Motion to Supplement the Record, dated December 1, 2009; see also Palazzo v. Corio, 232 F.3d 38, 42 (2d Cir. 2000) ("To effect a change of domicile, two things are indispensable: First, residence in a new domicil; and, second, the intention to remain there." (internal quotation marks omitted)). "For purposes of diversity jurisdiction, a party's citizenship depends on his domicile." Linardos 157 F.3d at 948. "A party's citizenship for purposes of the diversity statute, is a mixed question of fact and law."

3

Palazzo, 232 F.3d at 42 (internal citations omitted). "The district court's factual findings as to whether there has been a change of residence and whether that move was effected with the requisite intent of permanence may be overturned on appeal only if they are clearly erroneous." Id. (internal quotation marks omitted).

We agree with the district court that Dupont was domiciled in Hawaii when the action was commenced. The district court therefore had diversity jurisdiction over this matter, see 28 U.S.C. § 1332(a), and we have jurisdiction to hear this appeal, see id. § 1291.

The district court's judgment on the merits is affirmed. See Ruling on Plaintiff's Motion to Confirm Arbitration Award, dated September 13, 2007. In light of the broad arbitration clauses contained in the two Agreements, it cannot be said that the arbitrator exceeded his powers by considering the 1996 Agreement. While the district court's submission of the matter to the arbitrator made reference only to the 1992 Agreement, it is uncontested that the 1996 Agreement also provided a valid basis for arbitration. See Conn. Gen. Stat. § 52-408; see also Smiga v. Dean Witter Reynolds, Inc., 766 F.2d 698, 704 (2d Cir. 1985) ("An arbitration panel derives its jurisdiction from an agreement of the parties or from an order of a court

4

compelling arbitration."). The arbitrator was entitled to find the disputed terms ambiguous and to examine parol evidence to determine their meaning. See O & G/O'Connell Joint Venture v. Chase Family Ltd. P'ship No. 3, 203 Conn. 133, 148 (1987) ("[A]rbitrators are accorded substantial discretion in determining the admissibility of evidence, particularly in the case of an unrestricted submission, which relieves the arbitrators of the obligation to follow strict rules of law and evidence in reaching their decision." (internal quotation marks and alteration omitted)). Nothing in the record suggests that the award "manifest[ed] an egregious or patently irrational application of the law." See Garrity v. McCaskey, 223 Conn. 1, 10 (1992). Finally, this arbitration decision did not violate "some explicit public policy that is well defined and dominant." State v. New Eng. Health Care Employees Union, 271 Conn. 127, 135-36 (2004). Dupont cites the professional conduct rule against fee-sharing arrangements between attorneys from different firms; but this does not "rise[] to the level of a well defined and dominant public policy." See Cheverie v. Ashcraft & Gerel, 65 Conn. App. 425, 433 (Conn. App. Ct. 2001) (stating that a rule

addressing the reasonableness of attorney's fees does not rise to such a level).

On the cross-appeal, we uphold the district court's denial of the Firm's requests for prejudgment interest and sanctions, supported on the ground that Dupont advanced an unreasonable contract interpretation in bad faith. The district court properly exercised its ample discretion to deny both requests. See Commercial Union Assur. Co. v. Milken, 17 F.3d 608, 613 (2d Cir. 1994) ("The decision whether to award prejudgment interest and its amount are matters confided to the district court's broad discretion, and will not be overturned on appeal absent an abuse of that discretion.").

Finding no merit in the remaining arguments, we hereby **AFFIRM** the judgment of the district court.

                                FOR THE COURT:
                                CATHERINE O'HAGAN WOLFE, CLERK