**Cheryl DUKES, for Ralph DUKES, deceased, Plaintiff–Appellant,**

v.

**NEW YORK CITY EMPLOYEES' RETIREMENT SYSTEM, AND BOARD OF TRUSTEES, Defendant–Appellee.**

No. 14–750.

United States Court of Appeals, Second Circuit.

Oct. 27, 2014.

Cheryl Dukes, Staten Island, N.Y., pro se.

Kristin M. Helmers (Janet L. Zaleon, on the brief), for Zachary W. Carter, Corporation Counsel of the City of New York, New York, N.Y., for Appellee.

PRESENT: AMALYA L. KEARSE, CHESTER J. STRAUB and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Appellant Cheryl Dukes, proceeding pro se, appeals from the district court's judgment entered on February 12, 2014, dismissing her complaint for lack of subject matter jurisdiction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000). When determining whether subject matter jurisdiction exists, the district court may examine evidence outside the pleadings. *See id.* When, as here, it has done so, we review the district court's factual findings for clear error and its legal conclusions de novo. *See id.*

We find no error in the district court's decision. The district court properly determined that Dukes sought to bring only state-law claims in federal court. *See Campo v. N.Y.C. Emp. Ret. Sys.,* 843 F.2d 96, 101 (2d Cir.1988). As a result, there was no federal question to establish jurisdiction under 28 U.S.C. § 1331. Nor did the district court err in concluding that Dukes failed to establish diversity jurisdiction. Diversity of citizenship exists only if, at the time the action is commenced, the adverse parties are domiciliaries of different states. *See* 28 U.S.C. § 1332(a); *Linardos v. Fortuna,* 157 F.3d 945, 948 (2d Cir.1998). To determine domicile, courts examine physical presence and intent to remain in that place indefinitely. *Miss. Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48, 109 S.Ct. 1597, 104 L.Ed.2d 29 (1989). Defendant is domiciled in New York. Dukes stated at the district court hearing that she was living and working in New York and intended to remain there indefinitely, particularly if her application for a New York business license—an application that was pending when she commenced this action—was granted. She provided no written or oral evidence of definite plans to return to and remain in Pennsylvania. In light of these facts, the evidence Dukes proffered was insufficient to establish, by a preponderance of the evidence, the existence of diversity of citizenship. *Makarova,* 201 F.3d at 113; *see also District of Columbia v. Murphy,* 314 U.S. 441, 456, 62 S.Ct. 303, 86 L.Ed. 329 (1941).

Further, the court was not required to grant leave to amend because, in light of the evidence presented at the hearing, Dukes could not establish diversity jurisdiction by amending her complaint. *See Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000).[1]

We have considered Dukes's remaining contentions and find them to be without merit. Accordingly, the district court's judgment is **AFFIRMED.**

---

1. We also note that Dukes cannot challenge the district court's order denying reconsideration because she filed her only notice of appeal before the district court denied reconsideration, and she did not amend her notice of appeal to encompass that denial. *See* Fed. R.App. P. 4(a)(4)(B)(ii).