Dukes v. New York City Emp. Ret. Sys. & Bd. of Tr.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of October, two thousand fourteen.

PRESENT:
> AMALYA L. KEARSE,
> CHESTER J. STRAUB,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

Cheryl Dukes, for Ralph Dukes, deceased,

> *Plaintiff-Appellant,*

> v.                                                         No. 14-750

New York City Employees' Retirement System, and Board of Trustees,

> *Defendant-Appellee.*

FOR APPELLANT:     Cheryl Dukes, *pro se*, Staten Island, NY.

FOR APPELLEE:     Kristin M. Helmers (Janet L. Zaleon, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment is **AFFIRMED**.

Appellant Cheryl Dukes, proceeding pro se, appeals from the district court's judgment entered on February 12, 2014, dismissing her complaint for lack of subject matter jurisdiction.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."   *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).   When determining whether subject matter jurisdiction exists, the district court may examine evidence outside the pleadings.   *See id.*   When, as here, it has done so, we review the district court's

factual findings for clear error and its legal conclusions de novo.  *See id.*

We find no error in the district court's decision.   The district court properly determined that Dukes sought to bring only state-law claims in federal court.  *See Campo v. N.Y.C. Emp. Ret. Sys.*, 843 F.2d 96, 101 (2d Cir. 1988).   As a result, there was no federal question to establish jurisdiction under 28 U.S.C. § 1331.   Nor did the district court err in concluding that Dukes failed to establish diversity jurisdiction.   Diversity of citizenship exists only if, at the time the action is commenced, the adverse parties are domiciliaries of different states.   *See* 28 U.S.C. § 1332(a); *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998).   To determine domicile, courts examine physical presence and intent to remain in that place indefinitely.   *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).   Defendant is domiciled in New York.   Dukes stated at the district court hearing that she was living and working in New York and intended to remain there indefinitely, particularly if her application for a New York business license—an application that was pending when she commenced this action—was granted.   She provided no written or oral evidence of definite plans to return to and remain in Pennsylvania.   In light of these facts, the evidence Dukes proffered was insufficient to establish, by a preponderance of

3

the evidence, the existence of diversity of citizenship. *Makarova*, 201 F.3d at

113; *see also District of Columbia v. Murphy*, 314 U.S. 441, 456 (1941).

Further, the court was not required to grant leave to amend because, in

light of the evidence presented at the hearing, Dukes could not establish

diversity jurisdiction by amending her complaint. *See Cuoco v. Moritsugu*, 222

F.3d 99, 112 (2d Cir. 2000).[1]

We have considered Dukes's remaining contentions and find them to be

without merit. Accordingly, the district court's judgment is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] We also note that Dukes cannot challenge the district court's order denying reconsideration because she filed her only notice of appeal before the district court denied reconsideration, and she did not amend her notice of appeal to encompass that denial. *See* Fed. R. App. P. 4(a)(4)(B)(ii).