15-3895-cv
*Davis v. Cannick*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of June, two thousand seventeen.

PRESENT:     JON O. NEWMAN,
             JOSÉ A. CABRANES,
             GERARD E. LYNCH,
                      *Circuit Judges.*

---

COREY DAVIS,

                 *Plaintiff-Appellant,*                          15-3895-cv

                 v.

DEVERAUX CANNICK, AIELLO AND CANNICK, KEVIN
KEATING,

                 *Defendants-Appellees.*

---

FOR PLAINTIFF-APPELLANT:          Corey Davis, *pro se*, Adelanto, CA.

FOR DEFENDANTS-APPELLEES:          No appearance.

Appeal from a November 16, 2015 judgment of the United States District Court for the Eastern District of New York (Sandra J. Feuerstein, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Corey Davis, *pro se* and incarcerated, appeals from the District Court's *sua sponte* dismissal of his complaint for lack of diversity jurisdiction under 28 U.S.C. § 1332. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"For purposes of diversity jurisdiction, a party's citizenship depends on his domicile." *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998). "[E]stablishing one's domicile in a state generally requires both physical presence there and intent to stay." *Universal Reinsurance Co. v. St. Paul Fire & Marine Ins. Co.*, 224 F.3d 139, 141 (2d Cir. 2000); *see Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) ("To effect a change of domicile, two things are indispensable: First, residence in a new domicil[e]; and, second, the intention to remain there." (internal quotation marks omitted)).

Plaintiff submitted declarations stating that, prior to his incarceration, he moved to a residence in Florida. Even if the facts in those improperly sworn declarations were true, they were insufficient to establish Davis's domicile in Florida, as the District Court concluded.

**CONCLUSION**

We have reviewed all of the arguments raised by Davis on appeal and find them to be without merit. Accordingly, we **AFFIRM** the November 16, 2015 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2