Dukes v. NYCERS

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand seventeen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> ROBERT D. SACK,
> PETER W. HALL,
> > *Circuit Judges.*

———————————————————————

Cheryl Dukes, for Ralph Dukes (deceased),
AKA Cheryl White Grier,

> *Plaintiff-Appellant,*

> v.                                                                      16-1449

NYCERS, New York City Employees'
Retirement System, Board of Trustees,

> *Defendants-Appellees.*

———————————————————————

FOR PLAINTIFF-APPELLANT:         Cheryl Dukes, pro se, Long Pond, PA.

FOR DEFENDANTS-APPELLEES:        No appearance

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is VACATED and the matter is REMANDED for further proceedings.

Plaintiff-appellant Cheryl Dukes, proceeding pro se, appeals the district court's judgment dismissing her complaint, which asserted that defendants-appellees New York City Employees' Retirement System and its Trustees ("NYCERS") erroneously denied her application for accidental-death and line-of-duty benefits under the World Trade Center Disability Law. Dukes alleged that her husband died from illness acquired working at the World Trade Center site after the 9/11 terrorist attacks. The district court sua sponte dismissed appellant's complaint in the Southern District of New York believing that the effect of the dismissal in Dukes's earlier action in the Eastern District of New York precluded this action. The Eastern District had ruled that Dukes brought state law claims but did not establish diversity jurisdiction because she testified that she was living and working in New York and had no definite plans to return permanently to Pennsylvania.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. We review the district court's sua sponte dismissal de novo. *Giano v. Goord*, 250 F.3d 146, 149–50 (2d Cir. 2001).

Domicile for diversity purposes is determined when an action is filed. *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998). The Eastern District could only determine Dukes's domicile when she filed that action. Dukes's domicile when she filed in the Southern District has

2

not been adjudicated. Construed liberally, the complaint before us alleges that Dukes has cured the jurisdictional defect by establishing domicile in Pennsylvania. On remand, the district court should now consider, in the first instance, whether there is diversity jurisdiction. *See Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 333–34 (2d Cir. 2001).

Additionally, because Dukes invokes the Air Transportation Safety and System Stabilization Act ("ATSSSA"), Pub. L. No. 107-42, 15 Stat. 230 (2001) (codified as amended at 49 U.S.C. § 40101 note), the district court may have federal question jurisdiction over Dukes's claims, an issue that was neither passed on below nor raised in the Eastern District case. ATSSSA creates a federal cause of action for damages "arising out of" the 9/11 aircraft crashes, and vests the Southern District with "original and exclusive jurisdiction over all actions brought for any claim (including any claim for loss of property, personal injury, or death) resulting from or relating to the terrorist-related aircraft crashes of September 11, 2001." ATSSSA § 408(b)(1), (3). The district court should determine in the first instance whether this "damages" provision covers a claim arising from a city pension scheme. *See In re WTC Disaster Site*, 414 F.3d 352, 373–80 (2d Cir. 2005).

Accordingly, we VACATE the judgment of the district court and REMAND for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3