**Russell W. DORAN and Kimberly Doran, Plaintiffs,**

v.

**CITY OF CLEARWATER, FLORIDA and Sid Klein, and Wayne Andrews, et al., Defendants.**

**No. 92–2022–CIV–T–17A.**

United States District Court, M.D. Florida, Tampa Division.

Feb. 26, 1993.

**1078**

Bruce Griffith Howie, Battaglia, Ross, Hastings & Dicus, P.A., St. Petersburg, FL, for plaintiffs.

Mark A. Hanley, Thompson, Sizemore & Gonzalez, Deborah Susan Crumbley, Tampa, FL, for defendants.

## ORDER DENYING MOTION TO REMAND

KOVACHEVICH, District Judge.

This cause, which was originally filed in State court, is before the Court on Plaintiff's Motion to Remand, filed January 4, 1993, and Defendant's response thereto, filed January 11, 1993. Defendant's timely petition for removal was filed pursuant to 28 U.S.C. §§ 1441, 1443(2) and 1446.

## DISCUSSION

"[A]ny civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States ..." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Furthermore, "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to citizenship or residence of the parties." 28 U.S.C. § 1441(b). Plaintiffs allege a cause of action under 42 U.S.C § 1983. Additionally they allege several other causes of action under state law.

Plaintiffs argue that there is no legal basis for invoking 28 U.S.C. § 1443 to remove a § 1983 action. However they fail to address the fact that 28 U.S.C. § 1441 clearly does support removal of a § 1983 action. Plaintiffs cite *Sweeney v. Abramovitz*, 449 F.Supp. 213, 214 (1978), in support of the argument as to § 1443. However, they have apparently failed to read the next paragraph of the cited case which clearly states, "However, the [second] jurisdictional argument based on 28 U.S.C. § 1441(b) is far more substantial." *Id.* Whether or not § 1443 applies to this action is only relevant to whether or not this order is reviewable on appeal. See 28 U.S.C. § 1447(d). It is not necessary for this Court to deal with that question.

Plaintiffs next argue that Defendants' Notice of Removal does not state sufficient grounds for removal. This Court disagrees. Defendants' Notice of Removal, paragraph 3, falls well within the "short and plain statement" requirement of 28 U.S.C. § 1446(a).

Finally, Plaintiffs argue that this Court should decide this matter using the doctrine of forum non conveniens. The application of the doctrine of forum non conveniens to dismiss this case or to remand to State court would be improper. The field of that doctrine is now entirely occupied by 28 U.S.C. § 1404(a). See *Collins v. American Auto. Ins. Co. of St. Louis, Missouri*, 230 F.2d 416, 418 (2nd Cir.1956). Moreover, § 1404(a) only provides for transfer between districts or divisions of federal district court.

Defendants argue they should be awarded costs and attorneys' fees related to defending this motion since it appears to have been brought without legal support. This Court agrees. Accordingly, it is

ORDERED that Plaintiffs' Motion to Remand be DENIED; the Motion for fees and costs be GRANTED; and Defendants shall have up to ten (10) days from this ORDER to

file an accounting of costs and attorney's fees incurred in defending the Motion to Remand.

DONE AND ORDERED.