Thomas **PALAZZO**, an infant under the age of Fourteen (14) Years, by his mother and natural Guardian Joyce Delmage, Joyce **DELMAGE**, Individually, Plaintiffs–Appellants,

v.

Richard J. **CORIO**, Defendant–Appellee.

Docket No. 00–7020.

United States Court of Appeals, Second Circuit.

Argued: Oct. 5, 2000

Decided: Nov. 01, 2000

John P. Bostany, New York, New York (Bostany Law Firm, New York, New York, on the brief), argued for Plaintiffs—Appellants.

Weiner, Millo & Morgan, New York (Peter M. Agulnick, New York, New York, of counsel), submitted a brief for Defendant-Appellee.

Before: KEARSE, CALABRESI, and SOTOMAYOR, Circuit Judges.

KEARSE, Circuit Judge:

Plaintiffs Thomas Palazzo, an infant, and his mother Joyce Delmage appeal from a judgment of the United States District Court for the Eastern District of New York, Eugene H. Nickerson, *Judge,* dismissing their negligence action against defendant Richard J. Corio for lack of subject matter jurisdiction. Following an evidentiary hearing before a magistrate judge, the district court found that at the time this action was commenced, Corio, like plaintiffs, was a citizen of New York, and hence diversity of citizenship was lacking. On appeal, Palazzo challenges

the sufficiency of the evidence to support the finding that Corio was a citizen of New York, contending, *inter alia,* that there was deposition evidence from Corio and his father establishing that Corio had changed his domicile to Pennsylvania before this action was begun and that the court erred in allowing or crediting contrary evidence at the evidentiary hearing. Finding no merit in plaintiffs' contentions, we affirm.

## I. BACKGROUND

In April 1997, Palazzo, a resident and citizen of New York, was struck and permanently disabled by a car driven by Corio. The accident occurred in Staten Island, New York, some five minutes away from the home of Corio's parents. Plaintiffs commenced the present diversity action in December 1997, alleging that Corio was a citizen of Pennsylvania. Corio, contending that he was a citizen of New York, moved pursuant to Fed.R.Civ.P. 12(b)(1) to dismiss for lack of subject matter jurisdiction. The district court referred the motion to Magistrate Judge Roanne L. Mann for an evidentiary hearing and Report and Recommendation.

At the hearing, the magistrate judge received, *inter alia,* deposition testimony of Corio and his father, introduced by plaintiffs, live testimony by Corio, and documentary evidence from each side. There was evidence that Corio, who turned 18 in the fall of 1996, was a citizen of New York, physically residing with his parents until at least March 1997, and that he resumed his physical residence there in February or March 1998. At his deposition, Corio had testified that he "moved" to the home of his grandparents in Pennsylvania in March 1997 because he "just wanted to live there," and that he then registered and insured his car in Pennsylvania and obtained a Pennsylvania driver's license.

At the hearing, Corio testified that he had continually regarded his parents' house as his permanent home and that his March 1997 move to Pennsylvania had been only temporary: "I was still living at home. All my belongings were home, … and I was just—I just stayed out for a little while with my grandparents." (Hearing Transcript, April 13, 1999 ("Tr."), at 37.) Prior to 1997, he had visited his grandparents about 10 times a year. In March 1997, he had a "disagreement" with his parents over his performance in college, "so my grandparents said I could stay with them a while until everything cooled over with my parents." (Tr. 35.)

While staying with his grandparents, Corio continued to attend church in New York; he continued to attend school in New York, commuting three days a week from Pennsylvania to Staten Island; he paid tuition as an in-state New York resident; he did not file a change of address form with his school or the post office; he did not register to vote in Pennsylvania; he continued to receive school loan disbursements at his parents' house in New York; he had a bank account in New York, but not in Pennsylvania; he had a job in December 1997 in Staten Island; he filed a New York State tax return for 1997; and he received his 1997 tax refund in New York. While Corio was in Pennsylvania, his room at his parents' house remained undisturbed; he had left in his room his stereo, television, VCR, CDs, trophies, clothing, and other personal property. When he went to stay with his grandparents in March 1997, Corio took with him "two pairs of jeans[ and a] bunch of shirts." (Tr. 11.)

The magistrate judge concluded that, though Corio was residing in Pennsylvania at the time the action was commenced, his move to Pennsylvania was only temporary and he had remained domiciled in New York. The magistrate judge thus recommended that the action be dismissed for lack of diversity jurisdiction. In a Memorandum and Order dated November 3, 1999, the district court adopted that recommendation over plaintiffs' objections. Judgment was entered dismissing the com-

plaint, and this appeal followed. Finding no basis for reversal, we affirm.

## II. DISCUSSION

■ A party's citizenship for purposes of the diversity statute, 28 U.S.C. § 1332 (1994), is a mixed question of fact and law. *See, e.g., Francis v. Goodman,* 81 F.3d 5, 7 (1st Cir.1996); *State Farm Mutual Automobile Insurance Co. v. Dyer,* 19 F.3d 514, 518 (10th Cir.1994); *Sheehan v. Gustafson,* 967 F.2d 1214, 1215 (8th Cir.1992). The legal components of the question are well established. An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile. *See, e.g., Linardos v. Fortuna,* 157 F.3d 945, 948 (2d Cir.1998). Domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.* at 948 (internal quotation marks omitted). At any given time, a person has but one domicile. *See, e.g., Rosario v. INS,* 962 F.2d 220, 224 (2d Cir.1992). Domicile is established initially at birth and is presumed to continue in the same place, absent sufficient evidence of a change. *See Linardos v. Fortuna,* 157 F.3d at 948.

■ To effect a change of domicile, " 'two things are indispensable: First, residence in a new domicil; and, second, the intention to remain there. The change cannot be made, except *facto et animo.* Both are alike necessary. Either without the other is insufficient.' " *Id.* (quoting *Sun Printing & Publishing Ass'n v. Edwards,* 194 U.S. 377, 383, 24 S.Ct. 696, 48 L.Ed. 1027 (1904)). Questions as to a person's "intent to change, or not to change, his domicile from [one state] to [another]" are "factual" questions. *Katz v. Goodyear Tire & Rubber Co.,* 737 F.2d 238, 244 (2d Cir.1984). A party alleging that there has been a change of domicile has the burden of proving the "require[d] ... intent to give up the old and take up the new [domicile], coupled with an actual acquisition of a residence in the new locality," and must

prove those facts "by clear and convincing evidence," *Id.* at 243–44 (internal quotation marks omitted).

■ The district court's factual findings as to whether there has been a change of residence and whether that move was effected with the requisite intent of permanence may be overturned on appeal only if they are "clearly erroneous," Fed.R.Civ.P. 52(a) ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses."); *see Sheehan v. Gustafson,* 967 F.2d at 1215 ("findings of fact upon which the legal conclusion of citizenship is based ... are subject to review by this Court under the clearly erroneous standard"); *cf. Rent Stabilization Ass'n v. Dinkins,* 5 F.3d 591, 594 (2d Cir.1993) (decision as to a plaintiff's standing to sue, if made "on the basis of the complaint alone or the complaint supplemented by undisputed facts evidenced in the record," is reviewed *de novo;* "but if the court also resolved disputed facts, we will accept the court's findings unless they are 'clearly erroneous.' ").

■ Plaintiffs argue, relying on *Langman Fabrics v. Graff Californiawear, Inc.,* 160 F.3d 106 ("*Langman* "), *amended on other grounds by* 169 F.3d 782 (2d Cir. 1998), that we should instead apply a strictly *de novo* standard of review. Their reliance is misplaced, for *Langman* was an appeal from the granting of a motion for summary judgment; in deciding such a motion, the district court is only to identify, not resolve, issues of fact. In contrast, the factual questions that inform a determination as to federal jurisdiction need not be submitted to a jury and may be resolved by the court. *See, e.g., Katz v. Goodyear Tire & Rubber Co.,* 737 F.2d at 242 n. 2 ("In analyzing the propriety of a court['s] deciding a factual issue on a pretrial motion, we distinguish between jurisdictional and nonjurisdictional issues. The

question of jurisdiction need not be submitted to a jury."); *Sligh v. Doe,* 596 F.2d 1169, 1171 (4th Cir.1979) (citizenship presents a "preliminary question of fact to be determined by the trial court").

Plaintiffs also contend, relying on *Trans–Orient Marine Corp. v. Star Trading & Marine, Inc.,* 925 F.2d 566, 572 (2d Cir.1991) (*"Trans–Orient Marine"*), that the district court was not entitled to consider Corio's hearing testimony as to his intent to remain domiciled in New York—*i.e.,* that he had intended his stay in Pennsylvania to be only temporary—because Corio had testified at deposition that he moved to Pennsylvania because he "just wanted to live there." We reject that contention as well. In *Trans–Orient Marine,* we discussed the principle, adopted in *Perma Research & Development Co. v. Singer Co.,* 410 F.2d 572, 578 (2d Cir.1969) (*"Perma Research"*), that, in opposing summary judgment, a party who has testified to a given fact in his deposition cannot create a triable issue merely by submitting his affidavit denying the fact. *See Trans–Orient Marine,* 925 F.2d at 572. The *Perma Research* principle addresses the concern that "[i]f a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact." *Perma Research,* 410 F.2d at 578. Thus, in affirming the granting of summary judgment notwithstanding an affidavit from Perma Research's president Perrino, we noted that summary judgment was not foreclosed where the supposed factual dispute existed "only because of inconsistent statements made by Perrino the deponent and Perrino the affiant." *Id.; see also Hayes v. New York City Department of Corrections,* 84 F.3d 614, 619 (2d Cir.1996) ("factual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial"

(quoting *Perma Research,* 410 F.2d at 578)).

The *Perma Research* principle, however, which is pertinent not only to summary judgment on the merits of a claim or defense but also to the resolution of preliminary questions of jurisdiction, is limited in two respects that are material to the present case. First, the principle does not apply if the deposition and the later sworn statement are not actually contradictory. *See, e.g., White v. ABCO Engineering, Corp.,* 221 F.3d 293, 304 (2d Cir. 2000). Thus, it does not apply where the later sworn assertion addresses an issue that was not, or was not thoroughly or clearly, explored in the deposition, *see, e.g., Rule v. Brine, Inc.,* 85 F.3d 1002, 1011 (2d Cir.1996); in determining whether an evidentiary hearing is necessary, the district court "should not disregard the [post-deposition] testimony because of an earlier account that was ambiguous, confusing, or simply incomplete," *Langman,* 160 F.3d at 112. An issue of fact warranting an evidentiary hearing "may be revealed by [a party's] subsequent sworn testimony that amplifies or explains, but does not merely contradict, his prior testimony." *Rule v. Brine, Inc.,* 85 F.3d at 1011; *see Thomas v. Roach,* 165 F.3d 137, 144 (2d Cir.1999) (summary dismissal disregarding a party's relevant post-deposition proffer on an issue is appropriate only where that proffer "contradicts former testimony during which [the party] had been examined at length on [that] issue" (internal quotation marks omitted)). In the present case, although plaintiffs' counsel repeatedly asked Corio whether he had "moved" to Pennsylvania, Corio was not asked whether he had intended that move to be permanent. Accordingly, Corio was entitled to testify at the evidentiary hearing as to whether or not he had that intent.

Second, a party's deposition testimony as to a given fact does not foreclose a trial or an evidentiary hearing where that testimony is contradicted by evidence other than the deponent's subsequent affi-

**44**

davit, for when such other evidence is available, the concern that the proffered issue of fact is a mere "sham" is alleviated. *See, e.g., Delaney v. Deere & Co.,* 219 F.3d 1195, 1196 n. 1 (10th Cir.2000) ("While a party may not defeat summary judgment by contradicting deposition testimony in a subsequent affidavit, new evidence may furnish a good faith basis for the inconsistency."). In the present case, the court properly allowed Corio to introduce documentary evidence to support his contention that his permanent home had at all relevant times remained in New York with his parents.

To the extent that there is a conflict in a witness's testimony, such a conflict affects the weight of the testimony, not its admissibility. *See, e.g., United States v. Rodriguez,* 968 F.2d 130, 143 (2d Cir.) *cert. denied,* 506 U.S. 847 (1992). The weighing of the evidence is a matter for the trier of fact, not the court of appeals, and the "clearly erroneous" standard of review is a deferential one. The mere presence of evidence to support an inference contrary to that drawn by the trier of fact does not mean that the factual findings were clearly erroneous. *See, e.g., Healey v. Chelsea Resources, Ltd.,* 947 F.2d 611, 618 (2d Cir.1991). Decisions as to whose testimony to credit and as to which of competing inferences to draw are entirely within the province of the trier of fact. *See, e.g., Anderson v. Bessemer City,* 470 U.S. 564, 573–75, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985).

Applying the above principles in the present appeal, we find no basis for reversal. We see neither an error in the district court's application of the legal principles discussed above, nor, in light of the evidence in the record, including that described in Part I above, any clear error in the district court's factual findings. Although contrary factual inferences might have been drawn, the findings made were not clearly erroneous. We affirm substantially for the reasons stated in Judge Nick-erson's Memorandum and Order dated November 3, 1999.

We have considered all of plaintiffs' contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.