J. Gary **HENDERSON**

v.

**FLOORGRAPHICS, INC.**

No. 3:00CV1517(JBA).

United States District Court,
D. Connecticut.

July 13, 2001.

---

Alfred J. Smith, Jr., Stamford, CT, for Plaintiff.

David P. Atkins, Zeldes, Needle & Cooper, Bridgeport, CT, for Defendants.

## MEMORANDUM OF DECISION
### [Doc. # 11]

ARTERTON, District Judge.

Plaintiff J. Gary Henderson sued his former employer, defendant FLOORgraphics, Inc. ("FLOORgraphics"), claiming that he was terminated without cause on July 2, 2000, and that FLOORgraphics has since refused to pay him his base compensation, bonus commissions, benefits, stock options and severance pay. Plaintiff also seeks a declaratory judgment that no non-competition agreement exists between him and FLOORgraphics.

Currently pending is defendant's motion to dismiss under the doctrine of forum non conveniens [Doc. # 11]. According to defendant, because the transactions underlying the complaint in this action occurred in New Jersey and are the subject of a pending New Jersey state court action, "the balance of public and private interests strongly favors the existing New Jersey state court as a forum, and the Complaint should therefore be dismissed under the doctrine of forum non conveniens." Doc. # 11, at 1. For the reasons discussed below, defendant's motion is DENIED.

### Background

Defendant's New Jersey complaint alleges that Henderson is a citizen of New Jersey, and seeks a declaratory judgment that "no severance, stock options, performance options, benefits and/or other sums are due to [Henderson]; that [Henderson's] demands therefore are unlawful, and lack any legal or contractual basis, and a declaration of the parties' rights under the employment agreement(s)." Def.Ex. A at ¶ 6. The New Jersey complaint also claims that Henderson has breached his fiduciary and contractual obligations to FLOORgraphics and tortiously interfered with its current and prospective business opportunities and contractual rights by disclosing confidential information, threatening to interfere with FLOORgraphics' business, seeking to induce its employees to abandon employment, and meeting with FLOORgraphics' competitors. The New Jersey suit was filed in Superior Court on August 10, 2000, at 3:14 p.m.

Plaintiff filed the complaint in this action that same day, at 4:00 p.m. Plaintiff's federal complaint alleges that defendant terminated him without cause on July 2, 2000, and that FLOORgraphics has since refused to pay him his base compensation, bonus commissions, benefits, stock options and severance pay, to which he was entitled or would have become entitled had he not been unlawfully terminated. In addition, plaintiff requests declaratory relief that no non-competition agreement exists between him and FLOORgraphics. The basis for this Court's jurisdiction is diversity; plaintiff claims that he is a citizen of Connecticut, and it is undisputed that FLOORgraphics' principal place of business is in New Jersey.

Plaintiff asserts—and the Court agrees—that this action and the New Jersey state court action are not identical, as he seeks "damages for compensation, equity and benefits, for wrongful termination of his employment contract, for fraud and misrepresentation, and for a declaratory judgment that no non-compete agreement exists between Henderson and FlOORgraphics," based on events that occurred prior to his termination, while FLOORgraphics' state court action seeks "damages for the alleged actions of Henderson since his employment with FLOORgraphics terminated." Doc. # 14, at 5.

**Discussion**

There are three possible avenues for evaluating the propriety of venue under federal law: 28 U.S.C. § 1406(a), 28 U.S.C. 1404(a), and the common law doctrine of forum non conveniens. Under § 1406(a), "the district court· of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Section 1404(a), in contrast, applies in those circumstances where venue is proper in the district in which the case is brought, but transfer to another federal district court in which the case could originally have been brought would serve "the convenience of parties and witnesses, in the interest of justice." Finally, the doctrine of forum non conveniens permits a court to dismiss a case over which it has jurisdiction, where factors of convenience and justice demonstrate that the case should proceed in an alternative, non-federal forum. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 100 (2d Cir.2000); *Guidi v. Inter–Continental Hotels Corp.*, 203 F.3d 180 (2d Cir.2000).

FLOORgraphics does not claim that venue is improper within the meaning of 28 U.S.C. § 1406(a). *See* Doc. # 12, at 8. It also does not pursue a transfer under § 1404(a). According to defendant, § 1404(a) "cannot apply to the circumstances of this case: while New Jersey is the preferred forum, there is no diversity of citizenship between the parties, no federal question, and hence no subject matter jurisdiction in the federal court in New Jersey." Doc. # 12 at 8. Thus, defendant argues, because the federal transfer statute does not apply, this action should be dismissed under the common-law doctrine of forum non conveniens.

If the Court lacks diversity jurisdiction, however, the appropriate remedy is a dismissal for lack of jurisdiction. As the Supreme Court has noted, "the doctrine of forum non conveniens can never apply if there is absence of jurisdiction or mistake of venue." *Gulf Oil Corp.*, 330 U.S. at 503, 67 S.Ct. 839. Because this Court's jurisdiction has been challenged, albeit indirectly, the Court first proceeds to determine whether there is a basis for federal jurisdiction over this action. Next, the Court turns to the question of the available remedy for the allegedly inconvenient forum.

Plaintiff's complaint alleges that he is a Connecticut citizen. Plaintiff has submitted a sworn affidavit stating that he has owned his home in Ridgefield, Connecticut for over 17 years, votes in Ridgefield, pays state and federal taxes there, and his children have attended school there. He also states that although he owns a vacation property in Surf City, New Jersey, he spends limited time there during the summer with his wife. Defendant has not offered any evidence controverting this affidavit. Plaintiff's complaint further alleges that the amount in controversy "exceeds $5,000,000." Compl. ¶ 2.

A party's citizenship for purposes of the diversity statute, is a mixed question of law and fact. *See Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir.2000). "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." *Id.* (*citing Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir.1998)). Domicile is defined as "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.* at 948 (internal quotation marks omitted). A person has only one domicile at any given time. *See Rosario v. INS*, 962 F.2d 220, 224 (2d Cir.1992). Under this standard, it is clear that plaintiff is domiciled in Connecticut, not New Jersey. Accordingly, the Court has diversity jurisdiction over this action. *See* 28 U.S.C. § 1332.

■ Thus, contrary to defendant's assertion, transfer to New Jersey pursuant to § 1404(a) would provide an available remedy for the allegedly inconvenient forum.[1] However, defendant argues that the forum non conveniens analysis may be applicable where the proposed alternative forum is domestic state court, even where transfer to federal court is available. *See, e.g., Capital Currency Exchange, N.V. v. National Westminster Bank PLC*, 155 F.3d 603, 607 (2d Cir.1998) ("Section 1404(a) thus supplanted the common law doctrine of forum non conveniens for transfers between United States district courts. Section 1404(a) does not apply in cases where the purportedly more convenient forum is not a United States district court. In such cases, *almost always involving foreign countries*, the common law doctrine of forum non conveniens still gov-

erns.") (emphasis added); *TUC Electronics, Inc. v. Eagle Telephonics, Inc.*, 698 F.Supp. 35, 37 (D.Conn.1988) ("even if venue is properly laid in a particular federal district court, where factors of convenience and justice suggest that the case should proceed in a state or foreign court (i.e., a non-federal forum), the action may be dismissed under the common-law doctrine of forum non conveniens"); 15 Wright, Miller & Cooper, *Federal Practice and Procedure, Civil 2d* § 3828, at 279–80 ("The doctrine of forum non conveniens has only a limited continuing vitality in federal courts. If the more convenient forum is another federal court, since 1948 the case can be transferred there under § 1404(a) and there is no need for dismissal. It is only when the more convenient forum is in a foreign country—*or perhaps, under rare circumstances, in a state court* or a territorial court—that a suit brought in a proper federal venue can be dismissed on grounds of forum non conveniens.") (emphasis added).

Cases are dismissed for forum non conveniens grounds where, notwithstanding the substantial deference given to plaintiff's choice of forum, after balancing "the private interests of the parties in maintaining the litigation in the competing fora and any public interests at stake, [the defendant establishes] that the pertinent factors 'tilt strongly in favor of trial in the foreign forum.'" *Wiwa*, 226 F.3d at 100 (quoting *R. Maganlal & Co. v. M.G. Chem. Co.*, 942 F.2d 164, 167 (2d Cir.1991)). Convenience to the parties, location of witnesses and documents, and whether there is an "obviously better suited foreign forum for the

---

1. Defendant does acknowledge that § 1404(a) applies in the event the Court has diversity jurisdiction, but contends that transferring the case to federal district court in New Jersey pursuant to 28 U.S.C. § 1404(a) would result in "further inefficiency and duplication of effort." Doc. # 12, at 9. As it is clear to the Court that defendant is solely interested in a dismissal of this action, the Court construes defendant's motion as disclaiming any interest in a transfer to federal court in the District of New Jersey pursuant to § 1404(a).

adjudication of the dispute," are all relevant factors to consider. *Id.* at 107. As geographical location plays a primary role in determining convenience, where the allegedly more convenient forum is another state, rather than a foreign country, dismissal on forum non conveniens grounds would not appear to be necessary because transfer to a federal district court would provide a sufficient remedy, unless the federal court would lack jurisdiction over the action. *See Nieves v. American Airlines,* 700 F.Supp. 769, 771 (S.D.N.Y.1988) ("since the enactment of 1404(a) of Title 28 of the United States Code, the courts have universally held that if the forum is found to be inconvenient, the remedy is transfer and not dismissal"); *Chance v. E.I. Du Pont De Nemours & Co.,* 371 F.Supp. 439 (E.D.N.Y.1974) (where transfer to federal districts where incidents giving rise to lawsuit occurred is possible, the more drastic action of dismissal on forum non conveniens grounds is inappropriate); *Doran v. City of Clearwater,* 814 F.Supp. 1077, 1078 (D.Fla.1993) (rejecting argument that forum non conveniens allowed dismissal of case where alternative forum was state court because "[t]he field of that doctrine is now entirely occupied by 28 U.S.C. § 1404(a)"). *But see Kettenbach v. Demoulas,* 822 F.Supp. 43, 45 (D.Mass.1993) (citing the need for flexibility, and concluding that "the forum non conveniens doctrine is available as a matter of law to a defendant who seeks ... a dismissal [where the alternative forum is a state court]," but noting "that as a practical matter the great majority of such movants will be unable to satisfy the requisite balancing test when the alternative forum is across town, rather than across the country or international borders").

Recognizing that § 1404(a) provides a remedy under such circumstances, recent case law casts serious doubt on the viability of dismissals for forum non conveniens grounds where the alternative forum is a domestic state court rather than a foreign country. For example, the Supreme Court has observed in dicta that "[a]s a consequence [of the enactment of § 1404(a) ], the federal doctrine of forum non conveniens has continuing application *only* in cases where the alternative forum is abroad." *American Dredging Co. v. Miller,* 510 U.S. 443, 449 n. 2, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994); *accord DiRienzo v. Philip Servs. Corp.,* 232 F.3d 49, 56 (2d Cir.2000).

Defendant relies on *TUC Electronics, Inc.,* 698 F.Supp. at 37, in which the court dismissed the case, a breach of contract action, on the grounds of forum non conveniens, notwithstanding plaintiff's argument that the case should be transferred from district court in Connecticut to federal district court in New York under § 1404(a) if the court found that New York was the appropriate forum. In that case, however, the court expressly held that sole basis for the dismissal was the fact that the contract at issue contained an express forum selection provision that required the action to be brought exclusively in the *state* courts of New York. *Id.* at 40, n. 7. To give effect to that provision, the court held that the case should not be transferred to federal district court in New York, and that dismissal was therefore the appropriate remedy. As there is no such contractual provision at issue here, the Court finds *TUC Electronics* easily distinguishable.

In *Nieves,* the Southern District of New York confronted a similar issue, where the plaintiff in that case brought a subsequent action in state court in Puerto Rico after filing suit in federal court in New York, and the defendant moved to dismiss the federal suit for forum non conveniens grounds, arguing that the pendency of the state court action provided a more conve-

nient forum. The court rejected this argument:

> The Court notes that "pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction. . . ." *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). A party may bring suit in both a state and federal court. Therefore, the fact that plaintiff has brought a subsequent suit in Puerto Rico, in and of itself, is not grounds for dismissal. The Court finds the doctrine of forum non conveniens inapplicable in the case at bar and defendant's motion to dismiss on forum non conveniens grounds is hereby denied.

700 F.Supp. at 771.[2]

█ This Court finds this reasoning persuasive. The mere existence of the New Jersey state court action is an insufficient basis to warrant dismissal of plaintiff's action in this case. Accordingly, to the extent that defendant finds Connecticut an inconvenient forum for adjudication of this dispute, its remedy is a transfer pursuant to § 1404(a). However, as previously noted, defendant does not seek a transfer, and has placed all its eggs in the dismissal basket.[3]

### Conclusion

For the reasons discussed above, defendant's motion to dismiss this case on forum non conveniens grounds [Doc. # 11] is DENIED.

IT IS SO ORDERED.

---

2. The court then granted the defendant's alternative motion to transfer pursuant to § 1404(a). *See* 700 F.Supp. at 772–74.

3. The Court also notes that even if dismissal were an available remedy, under the facts of this case, defendant has not met its "heavy burden" of showing that the "pertinent factors tilt strongly in favor of trial in the foreign forum." *Wiwa,* 226 F.3d at 100. New Jersey is not prohibitively far from Connecticut, the events giving rise to this action occurred in both New Jersey and Connecticut, documents and witnesses are located in New Jersey, Connecticut and other states, and this Court is certainly able to apply New Jersey law to the employment agreement; indeed, the Court notes that the stock option agreement requires application of *Pennsylvania* law, and thus the New Jersey courts will not be applying the law of their forum either. These factors would similarly counsel against transfer pursuant to § 1404(a).